UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**LESLIE MERCADO,**

      **Plaintiff,**

    v.                                      **CIVIL ACTION NO. 24-cv-10006-IT**

**U.S. DEPARTMENT OF EDUCATION,**
**CHARLES H. TAYLOR ELEMENTARY, AND**
**DEPARTMENT OF CHILDREN AND**
**FAMILIES,**

      **Defendants.**

## ORDER

June 28, 2024

**TALWANI, D.J.**

    Before the court is Leslie Mercado's Amended Complaint [Doc. No. 8], filed in response to the court's April 17, 2024 Order [Doc. No. 4]. The Amended Complaint is subject to screening pursuant to 28 U.S.C §1915(e)(2) because Mercado is proceeding in forma pauperis. Under that statute, the court must dismiss an action to the extent that, among other things, it fails to state a claim upon which relief can be granted or seeks monetary damages from a party that is immune. In conducting this review, the court liberally construes Mercado's Amended Complaint because she is representing herself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Upon review, and for the reasons stated below, claims against the Department of Children and Families ("DCF") are dismissed because DCF is immune under Eleventh Amendment sovereign immunity, the Charles H. Taylor Elementary School is dismissed as a defendant inasmuch as it is not an entity subject to suit, and the Department of Education is dismissed as an improper defendant under the Federal Tort Claims Act ("FTCA"). Mercado

may by **July 26, 2024** file an amended complaint that cures the defects outlined below, or this action will be dismissed.

## I.      Background

Mercado claims that over thirty years ago, while an elementary school student, she was unlawfully expelled from the Charles H. Taylor Elementary School, and that DCF subsequently violated her civil rights by then placing her in an inappropriately selected school. The Amended Complaint seeks damages from the United States Department of Education, the Charles H. Taylor Elementary School, and DCF based upon purported civil rights violations and negligence. Mercado bases subject matter jurisdiction on a federal question, see Civil Cover Sheet [Doc. No. 1-1] and the court therefore considers whether Mercado states a claim as to the Charles H. Taylor Elementary School and DCF under 42 U.S.C. § 1983 ("Section 1983"), and as against the United States Department of Education under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2674 ("FTCA").

## II.     Discussion

### A. Section 1983 Claim as to Charles H. Taylor Elementary School and DCF

1. DCF is Immune from Suit under Eleventh Amendment Sovereign Immunity

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." Whole Woman's Health v. Jackson, 595 U.S. 30, 39 (2021). DCF, as an arm of the State, is likewise entitled to Eleventh Amendment sovereign immunity. Wilson v. Massachusetts Dept. Children and Families, No. CV 24-11442-FDS, 2024 WL 3011235, at *3 (D. Mass. June 14, 2024) ("DCF is an arm of the state protected by sovereign immunity"); Mercado v. Department of Social Services, 1:23-cv-11140-PBS, Memorandum and Order 7, ECF No. 11. DCF is therefore dismissed from the action.

2. <u>Charles H. Taylor Elementary School is not a Proper Defendant</u>

The Charles H. Taylor Elementary School is an elementary school building in Boston, and not an entity subject to suit. <u>See</u> <u>Scott v. Conley</u>, No. 2:15-CV-00371-DN-PMW, 2016 WL 4257507, at *2 (D. Utah July 18, 2016) ("An individual school does not have a corporate existence separate from the school district."). Accordingly, the Charles H. Taylor Elementary School is dismissed from this action.

3. <u>Section 1983 Claim Appears Time Bared</u>

Even if a proper state defendant could be named, Mercado's Section 1983 claim also appears to be barred by the applicable statute of limitations. "A statute of limitations concerns the procedural bounds in which litigation may proceed; it 'plays no role in ascertaining whether conduct is wrongful,' but 'merely sets the deadline by which a legal challenge to that conduct need be initiated.'" <u>In re Fin. Oversight and Mgt. Bd.</u>, 41 F.4th 29, 45 (1st Cir. 2022) (quoting <u>Monsarrat v. Newman</u>, 28 F.4th 314, 319–20 (1st Cir. 2022)). The statute of limitations for a claim under 42 U.S.C. § 1983 is determined by reference to state law -- here that period is three years under Massachusetts law. <u>See</u> <u>Fincher v. Town of Brookline</u>, 26 F.4th 479, 485 (1st Cir. 2022). Mercado's claims appear decades old, with no explanation for the delay in bringing her claim.

B. **Federal Tort Claims Act as to the Department of Education**

"The FTCA provides a 'limited waiver of the federal government's sovereign immunity with respect to private causes of action sounding in tort.'" <u>Torres-Estrada v. Cases</u>, 88 F.4th 14, 21 (1st Cir. 2023) (quoting <u>Fothergill v. United States</u>, 566 F.3d 248, 252 (1st Cir. 2009)); <u>see</u> 28 U.S.C. §§ 1346(b)(1), 2674. An FTCA claim can only be brought against the United States, however, and not a federal agency. <u>See</u> <u>Pacheco-Musseb v. U.S. Postal Services</u>, No. CV 22-1130 (SCC), 2023 WL 298593, at *1 (D.P.R. Jan. 18, 2023).

Because the FTCA is a "sovereign-immunity waiver[], [it] gets a strict reading," meaning that this court "must faithfully enforce the FTCA's requirements, neither extending the waiver beyond that which Congress intended nor assuming authority to narrow the waiver." Holloway v. United States, 845 F.3d 487, 489 (1st Cir. 2017) (cleaned up). "A key FTCA requirement is that a person cannot sue under it unless [s]he first presents [her] 'claim' to the relevant administrative agency 'within two years after such claim accrues'—failure to present a claim within that period 'forever bar[s]' the claim." Id. (quoting 28 U.S.C. § 2401(b)). An FTCA claim must then be filed within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b).

Here, Mercado has not expressly proceeded under the FTCA. Not surprisingly then, Mercado did not name the United States and makes no allegation of timely presentment of the FTCA claim to the United States, or an assertion of equitable tolling (i.e., a reason for delay). See United States. v. Wong, 575 U.S. 402, 420 (2015) ("FTCA's time bars are . . . subject to equitable tolling."). As best the court can discern, these claims appear decades old, and there is no basis presented for equitable tolling.[1] As the Department of Education is not an appropriate defendant, and there is no allegation of timely presentment, the FTCA claim is dismissed.

### C. Leave to Amend

The failure to name a proper party for the FTCA claim, namely the United States, is curable. The court has no information to suggest , however, that Mercado has timely exhausted the presentment requirements for the FTCA claim. Nonetheless, Mercado will be provided until **July 26, 2024** to file an amended complaint naming the proper party as to an FTCA claim, but

---

[1] The allegations relate to alleged actions or omissions that occurred in 1993. See Am. Compl. 5 (Enrollment History form with handwritten notes circling enrollment in 1993).

only to the extent she is able to meet the timely presentment and filing requirements set forth above.

### III.     Conclusion and Order

All of the named defendants are dismissed as to federal claims asserted as set forth above. Even if Mercado is able to amend to name the proper defendant for an FTCA claim, any potential FTCA claim appears unexhausted and untimely. Accordingly, Mercado shall by **July 26, 2024** file an amended complaint that cures the defects noted above. Failure to comply with this Order will result in dismissal of this action. Summonses shall not issue except upon further order of the court.

**SO ORDERED.**

June 28, 2024                                            /s/Indira Talwani
                                                         Indira Talwani
                                                         United States District Judge