UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LESLIE MERCADO,

        Plaintiff,

    v.                                            CIVIL ACTION NO. 24-cv-10006-IT

UNITED STATES OF AMERICA,

        Defendant.

ORDER

July 17, 2024

**TALWANI, D.J.**

        Before the court is Leslie Mercado's Second Amended Complaint [Doc. No. 13], filed in response to the court's June 28, 2024 Order [Doc. No. 10]. The Second Amended Complaint is subject to screening pursuant to 28 U.S.C §1915(e)(2) because Mercado is proceeding in forma pauperis. Under that statute, the court must dismiss an action to the extent that, among other things, it fails to state a claim upon which relief can be granted or seeks monetary damages from a party that is immune. This court has an independent obligation to inquire sua sponte into its own subject matter jurisdiction. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In conducting this review, the court liberally construes Mercado's Second Amended Complaint because she is representing herself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Upon review, and for the reasons stated below, the action is dismissed without prejudice.

## I. Background

Mercado claims that over thirty years ago, while an elementary school student, she was unlawfully expelled from the Charles H. Taylor Elementary School, and that the Department of Children and Families subsequently violated her civil rights by then placing her in an inappropriately selected school. The Second Amended Complaint seeks damages from the United States solely under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2674 ("FTCA").

## II. Discussion

"The FTCA provides a 'limited waiver of the federal government's sovereign immunity with respect to private causes of action sounding in tort.'" Torres-Estrada v. Cases, 88 F.4th 14, 21 (1st Cir. 2023) (quoting Fothergill v. United States, 566 F.3d 248, 252 (1st Cir. 2009)); see 28 U.S.C. §§ 1346(b)(1), 2674. Before bringing suit against the United States, the FTCA requires that a plaintiff has first presented the claim to the appropriate federal administrative agency and received a final denial. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Green v. U.S. Postal Service, 285 F. Supp. 3d 416, 419 (D. Mass. 2018). This rule applies even where a plaintiff is proceeding without counsel. McNeil, 508 U.S. at 113 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Section 2675(a) provides in pertinent part:

> **An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury** or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.** The failure of an agency to make final

disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675 (emphasis added); see Barrett ex rel. Est. of Barrett v. United States., 462 F.3d 28, 37 (1st Cir. 2006); Griffin v. FBIRA Boston, Inc., No. CV 23-11954-FDS, 2024 WL 2330744, at *2 (D. Mass. May 22, 2024).

Here, even assuming (but without finding) that Mercado timely presented the claim, she has failed to exhaust her administrative remedies. Based on the claims and certified mail receipts attached Mercado's Notice to the Court [Doc. No. 12], Mercado mailed her claims on July 15, 2024, the same day the Second Amended Complaint was filed. See Certified Mail Receipts 7 [Doc. No. 12-1]. Mercado has not alleged that the United States responded to the claim, and it would have been impossible for it to do so. The court is therefore without jurisdiction to proceed and the action must be dismissed for lack of subject matter jurisdiction while Mercado exhausts her administrative remedies with the United States.

### III.    Conclusion and Order

The action is dismissed without prejudice for lack of subject matter jurisdiction because Mercado has not exhausted her administrative remedies. The Clerk is directed to enter a separate order of dismissal and close the case.

**SO ORDERED.**

July 17, 2024                                          /s/ Indira Talwani
                                                       Indira Talwani
                                                       United States District Judge